IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOPE MCCLOUD | * |
| Plaintiff | * |
| vs. | * NO. 8:12-cv-00373-RWT |
| SUPERVALU, INC. | * |
| Defendant | * |

### REQUEST OF DEFENDANT SUPERVALU, INC. FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW the Defendant, SUPERVALU, Inc, by its attorneys, Warren D. Stephens, Erin Herbert Cancienne, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and requests pursuant to the Rules of Procedure that the Plaintiff, Hope McCloud, produce the following written documents, or true, accurate and legible copies thereof for inspection by the Defendant:

1. Any and all health care providers' records, reports, notes, charts, hospital records, x-ray reports, or medical records, notes, charts, or reports of any kind relating to treatment or evaluation of the Plaintiff for injuries or damages allegedly related to the subject occurrence.

2. Any and all health care providers' bills, hospital bills, or bills of any kind relating to damages of any kind which the Plaintiff contends resulted from the subject occurrence.

3. Any and all health care providers' reports, notes, charts, records, hospital records, x-ray reports, or medical reports, notes, charts or records of any kind relating to treatment or evaluation of the Plaintiff for other accidental injuries, or any injury, disease, malady, illness, disability, or medical condition suffered by the Plaintiff within the last ten (10) years.

4. True and accurate copies of the Plaintiff's Federal and State income tax returns for five (5) years prior to the incident and to the present time.



EXHIBIT B

5. Any and all written material tending to support any claim for loss of earnings, or of earning capacity including but not limited to, lost wages statements, pay stubs, payroll records, W-2's, W-9's, 1099's and tax returns.

6. Any and all photographs, film, videotape, moving pictures, drawings, diagrams, or any other graphic or visual representation or depiction of the scene of the occurrence, or of any objects connected with the occurrence, or of any injuries or damages sustained by the Plaintiff as a result of the subject occurrence.

7. Any and all reports, records, notes, written materials, or electronically stored or computer stored information evidencing the findings or opinions regarding any fact or issue relevant to this case, of any expert whom you intend to call as a witness at the trial of this matter.

8. Any and all signed, written or recorded statements of any party to the present lawsuit.

9. Any and all written material or physical evidence of any kind which you intend to offer in evidence at the trial of this matter.

10. Any and all reports and curriculum vitae of any expert whom the Plaintiff intends to call as a witness at the trial of this matter.

11. All notes, diagrams, photographs, sketches, or other documents prepared or reviewed in connection with their assignment in this case by each person whom you expect to call as an expert witness at trial.

12. All drafts, working papers or documents generated by each witness, whom you intend to call as an expert at trial, in connection with the opinions and subjects on which the witness is expected to testify.

13.  Any and all invoices and/or bills by any expert that the Plaintiff intends to call in this case for services rendered in this case, including an itemized log or invoice of the time spent and the services performed.

14.  Any and all written materials, documents, or tangible items that evidence any settlement agreement, including but not limited to any releases, covenants not to sue, or settlement agreements of any nature that you have reached with any party to the present law suit, or any person or entity not a party to this suit against whom you asserted a claim for damages, arising out of the subject occurrence.

15.  Any and all documents and materials supporting your claim of how the substance that allegedly caused you to fall got onto the floor.

16.  Any and all documents and materials supporting your claim of how long the substance that allegedly caused you to fall was on the floor prior to the fall.

17.  Any and all documents and materials supporting your claim that the Defendant had actual notice that the substance allegedly causing you to fall was on the floor.

18.  Any and all documents and materials supporting your claim that the Defendant had constructive notice that the substance allegedly causing you to fall was on the floor.

19.  Any and all documents and materials you have obtained from any public source, which you intend to use in any fashion at the trial of this case, and pertaining in any way to your claims concerning the alleged defect on the floor.

Pursuant to Rules of Procedure, it is requested that the aforementioned written documents be made available by the Plaintiff for inspection by the Defendant in accordance with the Rules

of Procedure in the law offices of DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER, & DeBLASIS, LLP

By: _____
Warren D. Stephens, #00638
17251 Melford Boulevard
Suite 200
Bowie, MD 20715
(301) 352-4950

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2012, a copy of the foregoing Request for Production of Documents was forwarded, postage prepaid, via First Class mail, to:

Ms. Hope McCloud
7716 Hanover Parkway, #304
Greenbelt, MD 20770
*Plaintiff Pro Se*

_____
Warren D. Stephens

I:\Common\WP\L3\WDS\McCloud v. SFW-Supervalu\Discovery\Disc Requests, CDR's, Dep Notices\RPOD to Pl - fed court.wpd