**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| HOPE MCCLOUD, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-12-373 |
| SUPERVALU, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses and disposes of Defendant SuperValu, Inc.'s Motion for Sanctions Against Plaintiff for Failing to Respond to Interrogatories and Request for Production, ECF No. 19. *Pro se* Plaintiff Hope McCloud has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2. I find that a hearing is unnecessary in this case. *See* D. Md. Loc. R. 105.6. For the reasons stated herein, Defendant's Motion for Sanctions is GRANTED, and Plaintiff's case is DISMISSED, with prejudice.

**I.    BACKGROUND**

Plaintiff filed this personal injury action in state court, *see* Am. Coml., ECF No. 2, and Defendant removed it to this Court, *see* Notice of Removal, ECF Nos. 1 & 6. This Court notified the attorney who represented Plaintiff at the time, with copies to Defense counsel and the parties, that, because Plaintiff's counsel was not a member in good standing of this Court's bar, she "must notify the chambers of the presiding judge whether [she] will be seeking admission or if another attorney will be entering an appearance." ECF No. 8. Plaintiff's counsel did not

respond.  Nor did Plaintiff respond, although there is no indication that either Plaintiff or her attorney failed to receive the Court's letter.  The Court issued a Scheduling Order, ECF No. 12, and a Memorandum to the parties regarding discovery, ECF No. 13, both of which were sent to Plaintiff at 4302 Newton St., Brentwood, MD 20722-1953 via certified mail on March 15, 2012.  The Scheduling Order was returned as undeliverable.  ECF No. 14.

Defendant propounded interrogatories and requests for production of documents on Plaintiff on March 16, 2012.  Def.'s Mot. for Sanctions ¶ 1 & Ex. A & B, ECF Nos. 19-1 & 19-2.  Defendant sent these requests to Plaintiff's last known address, 7716 Hanover Parkway, #304, Greenbelt, MD 20770.  *See* Def.'s Mot. for Sanctions Ex. A & B.  Having received no response from Plaintiff, Defense counsel contacted Plaintiff by mail at the Hanover Parkway address on May 16, 2012, to request Plaintiff's responses and to notify Plaintiff that if Defendant did not receive a response within ten days, it would "be forced to file a Motion to Compel."  Def.'s Mot. to Compel Ex. C, ECF No. 15-3.  On June 7, 2012, Defendant mailed Plaintiff a copy of Defendant's Motion to Compel.  Def.'s Mot. to Compel ¶ 5, ECF No. 15.  Plaintiff did not respond.  *Id.* ¶ 6.  Defendant filed its Motion to Compel on June 26, 2012, *id.*, and Plaintiff did not file a response.

Consequently, the Court issued an Order compelling Plaintiff to provide fully responsive and complete answers to Defendant's interrogatories and a response to Defendant's request for production of documents by August 10, 2012.  July 17, 2012 Order ¶ 7, ECF No. 18.  Additionally, the Court cautioned Plaintiff that, if she failed to provide these discovery responses as the Court ordered, "the Court may sanction Plaintiff by (a) prohibiting Plaintiff from supporting her designated claims or prohibiting Plaintiff from introducing designated matters in evidence, (b) striking Plaintiff's pleadings in whole or in part or (c) staying further proceedings

until Plaintiff obeys this Order." *Id.* ¶ 8.  The Court sent the Order to Plaintiff via regular and certified mail to Plaintiff's last known address, but it was returned as undeliverable.  ECF No. 20.

Defendant filed its Motion for Sanctions on August 14, 2012.  The Motion for Sanctions was not accompanied by a Certificate of Good Faith, as required by Local Rule 104.7. Nonetheless, in its Motion for Sanctions, citing Local Rule 104.7, Defendant states that "despite sincere attempts by Defendant's counsel to resolve the difference between them, counsel could not resolve this discovery dispute."  Def.'s Mot. for Sanctions ¶ 7.  Defendant asks the Court to "[o]rder sanctions against Plaintiff to the fullest extent allowed by law," *id.* at 2, and in its Proposed Order, Defendant asks that Plaintiff's "pleadings be . . . stricken in their entirety," Def.'s Proposed Order, ECF No. 19-3.  Plaintiff has not opposed the motion and therefore has failed to provide any justification as to why no discovery responses have been provided.  *Id.* at 3.

## II. DISCUSSION

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991).  Rule 37(b) provides that the court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).  Further,

Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cased the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal

under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ.A. 98-2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition).  The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Here, with regard to the first factor under both tests, the plaintiff's bad faith or personal responsibility, Plaintiff failed to respond to Defendant's discovery requests or to justify her failure to respond, even after the Court ordered her to respond by a set date. July 17, 2012 Order ¶ 7.  Although it appears that Plaintiff did not receive the Court's July 17, 2012 Order, it also is apparent that she did not provide the Court with her current address and that she did receive Defendant's discovery requests.  "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.*  In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id.*

Similarly, Ms. McCloud has demonstrated her bad faith by failing to comply with the July 17, 2012 Order compelling the same, and more broadly by essentially abandoning her claim in this Court, not only by refusing to provide requested and ordered discovery, but also by ceasing all efforts to prosecute her own claim.

Although Plaintiff's counsel did not respond to the Court's initial inquiry regarding Plaintiff's representation in federal court, Plaintiff's counsel is her agent, and Plaintiff is equally blame-worthy for her counsel's failure to respond. *See Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (stating that attorney is a "freely selected agent" such that there was "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."); *Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) ("Former counsel's errors are attributable to [plaintiff] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency."); *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 178 (M.D.N.C. 1997). Thus, Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that Plaintiff acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material. *Id.* Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Defendant has suffered significant prejudice as a result of Plaintiff's continued noncompliance with discovery requests. The evidence sought by Defendant's initial discovery request goes to the heart of Plaintiff's claim

and it cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). Also, Plaintiff's noncompliance over the past ten months since Defendant made its initial discovery requests lead Defendant to file two motions, one to compel and one for sanctions. Thus, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay.

With regard to the third factor—Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior—Plaintiff has yet to comply with the rules of procedure or Court orders regarding discovery in this case, and Plaintiff has not indicated a likelihood of responding to future discovery requests. Conduct such as "stalling and ignoring direct orders of the court … must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Plaintiff's failure to respond to Defendant's discovery requests combined with her subsequent willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Plaintiff's unresponsiveness thus far despite Defendant's good faith efforts and the Court's repeated interventions in the discovery process indicates that further sanctions other than dismissal will not be effective. *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court, warranting dismissal. *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b). Plaintiff failed to respond to Defendant's discovery request, Defendant's motions, or the Court's order; did not explain why

she did not respond; and did not actively pursue her case herself when her attorney failed to act. Plaintiff's noncompliance prejudiced Defendant by withholding information such that it could not build its defense, disrupted the judicial process, and must be deterred.  Plaintiff's noncompliance also has caused delay to Defendant.  Moreover, Plaintiff's failure to comply with a Court order and failure to respond to Defendant's filings demonstrates that no measure other than dismissal would be effective and enable this case to proceed forward to its resolution on the merits.   Further, this Court warned Plaintiff explicitly in its July 17, 2012 Order that dismissal was a possible sanction for her actions or, more accurately, inaction. *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60.

### III.     CONCLUSION

The Court hereby DISMISSES, with prejudice, all of Plaintiff's claims against Defendant and imposes costs and attorney's fees on Plaintiff, *see* Fed. R. Civ. P. 37(b)(2)(C).  To that end, Defendant shall submit a bill of costs and attorney's fees within fourteen (14) days of this Memorandum Opinion and Order, with Plaintiff's response, if any, to be submitted within fourteen (14) days thereafter.

Dated: <u>March 27, 2013</u>                                    <u>       /S/                   </u>
                                                                            Paul W. Grimm
                                                                            United States District Judge

lyb